# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RX RELEAF LLC,<br><br>        Plaintiff,<br>  v.<br><br>RELIEF TMS, LLC,<br><br>        Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff Rx ReLeaf LLC ("Rx ReLeaf"), by and through their undersigned counsel, hereby complains of Relief TMS, LLC ("Defendant"), and for their Complaint hereby allege as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201; and pursuant to 28 U.S.C. §§ 1338(a)-(b) and 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets consumers in New Jersey and is reaching out to do business with New Jersey residents through at least Defendant's offices located in Red Bank, New Jersey, and Warren, New Jersey. Defendant has directed promotional activity specifically toward New Jersey residents. Upon information and belief, Defendant has rendered psychological therapy services to, and has sold psychedelics and other products intended to treat mental health to, residents of New Jersey. Defendant is committing tortious acts in New Jersey, is engaging in interstate commerce, and has wrongfully caused Rx ReLeaf substantial injury in New Jersey.

3. Upon information and belief, Defendant conducts significant business in New Jersey.

4. The acts and events giving rise to this lawsuit of which Defendant stands accused were undertaken in significant part in New Jersey.

5. Defendant is subject to general personal jurisdiction in New Jersey because Defendant is "essentially at home" in New Jersey because, upon information and belief, Defendant maintains two places of business in New Jersey, and conducts substantial business with New Jersey residents through which Defendant derives substantial revenue in New Jersey.

## THE PARTIES

6. Rx ReLeaf is a limited liability company organized and existing under the laws of the State of New Jersey.

7. Upon information and belief, Defendant Relief TMS, LLC is a limited liability company organized and existing under the laws of the State of Delaware with at least two places of business located in New Jersey.

## FACTUAL BACKGROUND

8. This action has been filed by Rx ReLeaf against Defendant, a provider of mental health treatment services and a seller of products intended to treat mental health. Defendant trades upon Rx ReLeaf's reputation and goodwill by selling and/or offering for sale services and products under the mark RELIEF MENTAL HEALTH, which mark is confusingly similar to Rx ReLeaf's standard character trademark RX RELEAF. The RX RELEAF mark is registered on the U.S. Patent and Trademark Office's Principal Register and has been assigned Registration No. 6853752 (the "'752 registration"). A copy of the Certificate of Registration for the '752 registration is attached hereto as Exhibit 1.

9. The '752 registration designates International Trademark Class 044 and identifies the following services: "Psychiatric treatment for military veterans; treatment of sleep disorders; beauty consultation services."

10. The '752 registration is valid, subsisting, and in full force and effect, as is the RX RELEAF trademark itself.

11. Rx ReLeaf is the lawful owner of the '752 registration and all trademark rights in the RX RELEAF trademark.

12. Ms. Maggie Vasto, sole owner of Rx ReLeaf, was identified as the owner of the '752 registration upon initial registration. Ms. Vasto has since assigned her rights in the '752 registration, in the RX RELEAF trademark, and in the goodwill associated with the mark to Rx ReLeaf. A copy of the Trademark Assignment Document effecting this transfer of ownership is attached hereto as Exhibit 2.

13. The '752 registration issued based on Application Serial No. 90629189, which was filed on April 7, 2021.

14. Rx ReLeaf has continuously and exclusively used the RX RELEAF mark in commerce since at least as early as June 6, 2022, in connection with the rendering of psychiatric treatment for military veterans, treatment of sleep disorders, and beauty consultation services. Rx ReLeaf has never abandoned its trademark rights in the RX RELEAF mark.

15. Defendant uses the mark RELIEF MENTAL HEALTH in connection with the marketing, rendering, and sale of, *inter alia*, mental health treatment services. Specifically, upon information and belief, Defendant markets, renders, and sells services that include psychiatric treatment for military veterans and the treatment of sleep disorders.

16. Rx ReLeaf has been and continues to be irreparably harmed due to consumer confusion as a result of Defendant's actions complained of herein and seeks injunctive and monetary relief.

17. Said harm to Rx ReLeaf is not adequately compensable through monetary damages.

18. Rx ReLeaf has expended substantial time, money, and other resources in developing, advertising, and promoting the RX RELEAF mark.

19. As a result of these efforts, services associated with the RX RELEAF mark are recognized and exclusively associated by consumers, the public, and the trade as being services originating from Rx ReLeaf.

20. The RX RELEAF mark is distinctive and identifies to consumers the services in connection with which the mark is used as services rendered by Rx ReLeaf.

21. Through its continuous use in commerce of the RX RELEAF mark, Rx ReLeaf has amassed tremendous consumer goodwill in the mark among consumers.

22. As a result of the care and skill exercised by Rx ReLeaf in the conduct of its business, the high quality of its services offered under the RX RELEAF mark, and the extensive advertising, sale, and promotion of Rx ReLeaf's services offered under the RX RELEAF mark, said trademark has acquired great value as designating that Rx ReLeaf is the source of services offered under the mark. Customers in New Jersey and elsewhere readily recognize the RX RELEAF mark as a distinctive designation of origin denoting Rx ReLeaf and its services. The RX RELEAF mark is an intellectual property asset of enormous value as a symbol of Rx ReLeaf and its high quality services, reputation, and goodwill.

23. Defendant began using RELIEF MENTAL HEALTH in connection with mental health and sleep disorder treatment services, through its Warren, New Jersey and Red Bank, New Jersey offices, in May, 2021, and November, 2022, respectively.

24. Upon information and belief, the only geographic areas in which Defendant began using RELIEF MENTAL HEALTH prior to April 7, 2021, are Illinois and the greater Milwaukee, Wisconsin area.

25. Defendant deliberately intends to trade off of the positive goodwill associated with the RX RELEAF mark.

26. Rx ReLeaf has not licensed or authorized Defendant to use the RX RELEAF mark or any colorable imitation thereof or confusingly similar variation thereof such as RELIEF MENTAL HEALTH.

27. Defendant, without any authorization or license from Rx ReLeaf has knowingly and willfully used and continues to use the RELIEF MENTAL HEALTH mark in connection with the advertising, rendering, offering for sale, and sale of mental health treatment services and sleep disorder treatment services, as well as other related services.

28. Defendant, without any authorization or license from Rx ReLeaf has knowingly and willfully used and continues to use the RELIEF MENTAL HEALTH mark in connection with the advertising, distribution, offering for sale, sale, and shipment of products intended for the treatment of mental health disorders.

29. Defendant's use of RELIEF MENTAL HEALTH in the manner indicated above is likely to cause and has caused confusion, mistake, and deception by and among consumers, and is irreparably harming Rx ReLeaf. Consumers are highly likely to be confused and believe that

Defendant's services and products originate from, are endorsed by, and/or are sponsored by Rx ReLeaf, and/or that Defendant is affiliated with, endorsed by, or sponsored by Rx ReLeaf.

30. Based on Defendant's infringing activity as described herein, on March 5, 2023, Rx ReLeaf sent Defendant a letter demanding that Defendant immediately cease and permanently desist from using the RELIEF MENTAL HEALTH mark as well as any other mark confusingly similar to RX RELEAF. A copy of Rx ReLeaf's March 5, 2023, correspondence is attached hereto as Exhibit 3.

31. Defendant has never responded in writing to Rx ReLeaf's March 5, 2023, cease-and-desist letter. Defendant orally expressed to Rx ReLeaf that Defendant that it did not intend to modify its use of the RELIEF MENTAL HEALTH mark and the activity complained of in Rx ReLeaf's letter.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

32. Rx ReLeaf repeats and incorporates herein by reference the allegations set forth in Paragraphs 1-31 above.

33. Defendant has engaged in the unauthorized use in commerce of RELIEF MENTAL HEALTH, which mark is confusingly similar to and is a colorable imitation of Plaintiff's RX RELEAF mark. Such use by Defendant has been in connection with the advertising, rendering, offering for sale, and sale of mental health treatment services and sleep disorder treatment services. Such use constitutes infringement of Rx ReLeaf's trademark rights in the RX RELEAF mark.

34. Further, such use by Defendant has been in connection with the advertising, distribution, offering for sale, sale, and shipment of products intended to treat mental health disorders and sleep disorders. Such products include, without limitation, psychedelics such as, for

6

example and without limitation, spravato and ketamine. Such use constitutes infringement of Rx ReLeaf's trademark rights in the RX RELEAF mark.

35.     Defendant has knowledge of Rx ReLeaf's rights in the RX RELEAF mark and is willfully infringing and intentionally using the confusingly similar RELIEF MENTAL HEALTH mark in connection with services and products highly related to those advertised, rendered, offered for sale, sold, and shipped (as applicable) by Rx ReLeaf. Defendant's willful, intentional, and unauthorized use of RELIEF MENTAL HEALTH, which mark is highly similar to Plaintiff's RX RELEAF mark, is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of Defendant's services and products among the general public.

36.     Defendant's activities constitute willful trademark infringement under 15 U.S.C. §§ 1114, 1117.

37.     The injuries and damages sustained by Rx ReLeaf have been directly and proximately caused by Defendant's unauthorized advertising, rendering, offering for sale, and sale of mental health treatment services and sleep disorder treatment services under the mark RELIEF MENTAL HEALTH.

38.     The injuries and damages sustained by Rx ReLeaf have been directly and proximately caused by Defendant's unauthorized advertising, distribution, offering for sale, sale, and shipment of products intended to treat mental health disorders and sleep disorders under the mark RELIEF MENTAL HEALTH.

39.     Rx ReLeaf has no adequate remedy at law, and, if Defendant's actions are not enjoined, Rx ReLeaf will continue to suffer irreparable harm to its business reputation and to the goodwill of its RX RELEAF mark.

**COUNT II**
**DECLARATORY JUDGMENT OF TRADEMRK INFRINGEMENT**

**(15 U.S.C. § 1125(a))**

40. Rx ReLeaf repeats and incorporates herein by reference the allegations set forth in Paragraphs 1-39 above.

41. Based at least on the April 7, 2021, filing date of U.S. Trademark Application Serial No. 90629189, for Rx ReLeaf's asserted RX RELEAF mark, and the associated issuance of the '752 registration, Rx ReLeaf has priority of use as compared to Defendant in all geographic areas within the U.S. except possibly Illinois and the greater Milwaukee, Wisconsin area.

42. Defendant's use of RELIEF MENTAL HEALTH in connection with mental health treatment services, sleep disorder treatment services, and/or products indicated for such treatments, is likely to cause confusion, mistake, and/or deception, on the part of consumers, who are likely to mistakenly believe that Rx ReLeaf is the source of such services and/or products, or that Rx ReLeaf sponsors such services and/or products.

43. As a result of the above, there is an actual, justiciable, and substantial controversy between Rx ReLeaf and Defendant arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. In light of this dispute, Rx ReLeaf seeks a declaration that the unauthorized use of RELIEF MENTAL HEALTH by Defendant outside of Illinois and the greater Milwaukee, Wisconsin area, in connection with mental health treatment services, sleep disorder treatment services, and/or products intended to treat mental health and/or sleep disorders, would constitute infringement of the valid trademark rights that Rx ReLeaf owns in its RX RELEAF mark.

44. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine whether or not Defendant may lawfully use RELIEF MENTAL HEALTH outside of Illinois and the greater Milwaukee, Wisconsin area, without Rx ReLeaf's authorization, in connection with

mental health treatment services, sleep disorder treatment services, and/or products intended to treat mental health and/or sleep disorders.

**PRAYER FOR RELIEF**

Rx ReLeaf respectfully requests entry of an Order adjudging as follows:

1) That judgment is entered in favor of Rx ReLeaf on Rx ReLeaf's Counts I and II of this Complaint.

2) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with Defendant be permanently enjoined and restrained from:

    a) Using the RX RELEAF mark or any colorable imitations thereof, including, without limitation, RELIEF MENTAL HEALTH, in any manner in connection with the rendering, marketing, advertising, offering for sale, or sale, of any mental health treatment service, any sleep disorder treatment service, and any product intended to treat mental health or any sleep disorder;

    b) Using the RX RELEAF mark or any colorable imitations thereof, including, without limitation, RELIEF MENTAL HEALTH, in any manner in connection with the distribution, marketing, advertising, offering for sale, sale, or shipment of any product that is not a genuine Rx ReLeaf product or is not authorized by Rx ReLeaf to be sold in connection with such trademark;

    c) Passing off, or inducing or enabling others to sell or pass off any services or products as genuine Rx ReLeaf services or products that are not Rx ReLeaf's or not rendered or produced under the authorization, control, or supervision of Rx ReLeaf and approved by Rx ReLeaf for sale under the RX RELEAF mark;

  d) Committing any acts calculated to cause consumers to believe that Defendant's services or products are those sold under the authorization, control, or supervision of Rx ReLeaf, or are sponsored by, approved by, or otherwise connected with Rx ReLeaf;

  e) Further infringing the RX RELEAF mark and damaging Rx ReLeaf's goodwill among consumers;

  f) Otherwise competing with Rx ReLeaf unfairly in any manner;

  g) Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Rx ReLeaf, nor authorized by Rx ReLeaf to be sold or offered for sale, and which bear the RX RELEAF mark, or any reproductions or colorable imitations thereof, including, without limitation, RELIEF MENTAL HEALTH; and

3) That Defendant accounts for and pays to Rx ReLeaf all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, as provided by 15 U.S.C. §§ 1117.

4) In the alternative, that Rx ReLeaf be awarded its actual damages incurred as a result of Defendant's unlawful activity described herein, including Defendant's infringement of Rx ReLeaf's trademark rights in the RX RELEAF mark;

5) That Defendant's unauthorized use of RELIEF MENTAL HEALTH in connection with mental health treatment services, sleep disorder treatment services, and/or products intended for the treatment of mental health disorders or sleep disorders, if occurring

outside of Illinois or the greater Milwaukee, Wisconsin area, shall constitute infringement of Rx ReLeaf's trademark rights in the RX RELEAF mark;

6) That this case be deemed exceptional and that Rx ReLeaf be awarded their reasonable attorneys' fees and costs; and

7) Award any and all other relief as the Court deems just and appropriate.

## JURY DEMAND

Rx ReLeaf hereby demands a trial by jury for all issues raised by this Complaint that are so triable.

Date: June 30, 2023

Respectfully Submitted,

s/ Theodore J. Chiacchio
Theodore J. Chiacchio
**CHIACCHIO IP, LLC**
1041 NJ-36 #304
Atlantic Highlands, New Jersey 07716
Tel: (732) 526-3672
Email: tchiacchio@chiacchioip.com

*Counsel for Plaintiff Rx ReLeaf LLC*