UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RX RELEAF LLC, | Civ. No. 23-3551 (MAS)(JBD) |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| RELIEF TMS LLC, | |
| Defendant. | |

Before the Court is defendant Relief TMS LLC's motion for leave to file an amended pleading for the purpose of adding counterclaims against plaintiff Rx ReLeaf LLC. [Dkt. 45]. Plaintiff opposes the motion. [Dkt. 48]. The Court has carefully considered the parties' positions as set forth in their motion papers and it heard oral argument on August 22, 2024. For the reasons set forth below, defendant's motion for leave to file an amended pleading is granted.

**I.     BACKGROUND**

On June 30, 2023, plaintiff filed a complaint alleging that defendant has infringed its registered trademark. Defendant filed an answer on September 8, 2023. After an initial scheduling conference with the parties on October 26, 2023, the Court issued a pretrial scheduling order on October 27, 2023 that, among other things, set a deadline for all motions for leave to amend any pleading to be filed no later than January 26, 2024. [Dkt. 16]. Before the deadline passed, plaintiff filed an unopposed motion for leave to amend its complaint, which the Court granted, and filed an amended complaint on January 31, 2024. [Dkt. 29.] On February 14,

2024, defendant filed an amended answer to the amended complaint. [Dkt. 32]. Those pleadings are, at present, the operative pleadings in the case.

On June 21, 2024, defendant moved for leave to assert three counterclaims against plaintiff, based ostensibly on its recent discovery that plaintiff obtained its trademark registration through fraudulent misrepresentations to the United States Patent and Trademark Office ("PTO"). [Dkt. 45.] The proposed counterclaims seek cancellation of plaintiff's registered mark for failure to use the mark in interstate commerce and failure to use all services identified in the registration in commerce. *Id.* The proposed amendment also seeks related declaratory relief based upon alleged "misrepresentations regarding use of the mark in commerce during the [t]rademark application process." *Id.*

Defendant asserts that it brought this motion to add counterclaims "once it confirmed in discovery its basis for pursuing cancellation of the '752 Registration." *Id.* Defendant explains that it was not aware of the true nature of plaintiff's representations to the PTO, or plaintiff's failure to provide services in interstate commerce, until relatively late in discovery. Defendant says that its initial suspicions regarding the invalidity of plaintiff's trademark was not confirmed until May 15, 2024, when plaintiff responded to defendant's interrogatory and explained that it "provided services to patients and/or clients under the RX RELEAF mark only in New Jersey." *Id.* Specifically, defendant contends it then learned "that as of the represented date of first use in commerce, and through [the date of filing its motion to amend], neither Ms. Vasto [plaintiff's owner] nor Rx ReLeaf [had] used

2

the mark in commerce or otherwise rendered services outside of New Jersey nor have they used the RX RELEAF mark for all of the services identified in the '752 Registration." *Id.* This, it says, is contrary to plaintiff's representations to the PTO in its trademark application. Defendant then filed its motion to amend on June 21, 2024.

Plaintiff opposes the motion to amend and asserts that defendant was "fully apprised of the geographic scope of Rx ReLeaf's services" by December 23, 2023 when it notified defendant of its geographic limits in its interrogatory responses. [Dkt. 48]. Plaintiff also asserts that defendant was aware of the geographic scope because "[d]efendant produced images from Rx ReLeaf's website in January [2024]," which reflected that Rx ReLeaf only offers services to New Jersey residents. *Id.*

## II.   LEGAL STANDARDS

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Park v. Freehold Healthcare, LLC.*, Civ. No. 18-11306 (JMV), 2022 WL 19558164, at *1 (D.N.J. Feb. 15, 2022) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, Civ. No. 10-1283 (NBD), 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)). Rule 15 states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may reject a motion to amend when the amendment (i) would cause undue delay, (ii) arises from bad faith or dilatory motive on the part of the movant, (iii) arises from repeated

failure to cure deficiencies by amendments previously allowed, (iv) would cause undue prejudice to the non-moving party, or (v) is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

"Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). Where a party seeks to amend "after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id.* at *2. A determination of "good cause" under Rule 16 depends on the diligence of the moving party. *GlobespanVirata, Inc. v. Texas Instruments Inc.*, Civ. No. 03-2854 (GEB), 2005 WL 1638136, at *3 (D.N.J. July 12, 2005). Specifically, to demonstrate "good cause" pursuant to Rule 16, the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met. *Id.* The mere absence of prejudice to the non-moving party does not constitute "good cause" under Rule 16. *Id.*

Whether Rule 16's good cause standard has been satisfied, and the ultimate determination whether to permit amendment under Rule 15, are decisions left to the Court's sound discretion. *See Fraser*, 352 F.3d at 116.

## III. DISCUSSION

Here, the Court's pretrial scheduling order set January 31, 2024 as the deadline for moving to amend pleadings. [Dkt. 16.] Despite various adjustments to the dates in that order, *see* [Dkts. 31, 37], no party requested an adjustment to the deadline to move to amend. Because defendant filed its motion to amend after the deadline passed, the Court first must determine whether defendant has demonstrated "good cause" under Rule 16(b)(4). Concluding that it has, the Court proceeds to the Rule 15 analysis and, applying the liberal standard under the rule, will grant defendant's motion to amend.

### A.  Rule 16

As an initial matter, defendant's moving papers do not address Rule 16, although defendant acknowledges in its reply brief that Rule 16 applies here. Plaintiff asks the Court to deem the issue forfeited and deny the motion to amend on that basis. The Court declines to do so: "[T]he fact that neither party specifically names Rule 16 or its required good-cause showing does not preclude the Court from applying that standard to plaintiff's motion to amend." *Lloyd-Jones v. Connolly*, Civ. No. 20-912 (EP), 2022 WL 3572837, at *2 (D.N.J. Aug. 19, 2022) (internal quotation marks omitted).

Rule 16 authorizes courts to enter schedules for proceedings, which must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that

5

at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. Oct. 19, 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."). To amend a pleading after the deadline, the burden rests with the moving party to show "good cause" for the amendment. *Prince v. Aiellos*, Civ. No. 09-5429 (JLL), 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010)).

The Court has "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *Phillips v. Greben*, Civ. No. 04-5590 (GEB), 2006 WL 3069475, at *6 (D.N.J. Oct.27, 2006). The determination of whether "good cause" exists under Rule 16 hinges typically on the diligence, or lack thereof, of the moving party. *GlobespanVirata,* 2005 WL 1638136, at *3 (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

When reviewing a party's diligence and whether "good cause" exists, courts typically determine whether the moving party possessed, or should have possessed through reasonable diligence, the knowledge necessary to file the motion to amend

before the deadline expired. *See Stallings v. IBM Corp.*, Civ. No. 08-3121 (RBK), 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009); *Kennedy v. City of Newark*, Civ. No. 10-1405 (CCC), 2011 WL 2669601, at *2 (D.N.J. July 7, 2011). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Lasermaster Int'l Inc. v. Netherlands Ins. Co.*, Civ. No.15-7614 (CCC), 2018 WL 1891474, at *6 (D.N.J. Apr. 20, 2018) (finding that plaintiff could not show "good cause" because it "possessed or should have possessed the knowledge necessary to file the motion to amend" well before the deadline for amendment) (citing *Stallings*, 2009 WL 2905471, at *16 (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline")). Under some circumstances, good cause may be satisfied if the movant shows that its delay in filing the motion to amend stemmed from "any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Phillips*, 2006 WL 3069475, at *6.

Upon review, the Court is satisfied that defendant has established good cause for moving to amend beyond the Court's deadline. That is, the Court finds that defendant acted with sufficient diligence based on information it learned as discovery progressed, and that it moved to amend promptly after confirming necessary information to support its proposed counterclaims.

To step back, defendant's proposed counterclaims are based on an asserted misrepresentation that plaintiff's owner made to the PTO in the trademark application, *viz.*, that plaintiff provided services in interstate commerce at the time the application was submitted. Defendant maintains that the critical information giving rise to its proposed counterclaims was based on plaintiff's May 2024 admission, in response to defendant's interrogatory, that plaintiff does not, nor has it ever, provided services outside of New Jersey. Plaintiff did not provide this specific information to defendant before May 2024, and the Court concludes that defendant could not have reasonably inferred the information from plaintiff's previous disclosures and discovery responses. In December 2023, plaintiff responded to an earlier interrogatory that "sought information regarding the geographic regions in which Plaintiff offers services." [Dkt. 52]. Plaintiff explained:

> Rx ReLeaf offers and renders services to residents of New Jersey. Further answering, Rx ReLeaf is in the process of expanding into the state of Florida. Ms. Vasto formed a limited liability company in the state of Florida on May 19, 2023, with the name "Rx ReLeaf LLC." The Florida office will be offering and rendering to patients substantially the same services as the New Jersey office. Further answering, Rx ReLeaf intends to expand its service area into other states along the East Coast, without limitation. Rx ReLeaf does not intend to expand its service area into Illinois or the greater Milwaukee, Wisconsin area.

It is true that this response addressed the geographic scope of plaintiff's operations *at that time*, and its intentions *in the future*. And perhaps one could have surmised that this response also reflected that plaintiff had never before offered services outside of New Jersey, including at the time of plaintiff's trademark application to the PTO. But that is an inferential leap that the Court is unwilling to *require*

8

defendants to have made as of December 2023. That is all the more true when the Court considers the fact that plaintiff produced documentation in discovery "reflecting the existence of Ms. Vasto's Florida LLC and her licensure in the states of Florida and Massachusetts," [Dkt. 52], which equally could have suggested that plaintiff operated outside of New Jersey at some earlier point in time.

Plaintiff also asserts that defendant was aware that it provided services only in New Jersey based on defendant's acknowledgement of its website disclosures. The Court is not persuaded. The website does not provide a date stamp nor does it explicitly state that plaintiff has only ever provided services within the state of New Jersey.

The Court concludes that defendant could not have reasonably sought to amend its answer until at least May 2024, when it confirmed that plaintiff had never provided services outside of New Jersey. Upon learning that information, defendant proposed its amendments to plaintiff (to which plaintiff did not consent), and then promptly filed this motion on June 21, 2024. In the Court's judgment, that is sufficiently diligent. Accordingly, the Court turns to Rule 15.

**B.    Rule 15**

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15 (a)(2)). This liberal standard reflects a preference "that claims will be decided on the merits rather than on technicalities." *Arista*

*Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 419 (D.N.J. 2005) (citation omitted).  Accordingly, the Court may deny a motion to amend only where there is (i) undue delay; (ii) bad faith or dilatory motive; (iii) undue prejudice; (iv) repeated failures to cure deficiencies; or (v) futility of amendment.  *Foman*, 371 U.S. at 182; *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

Here, plaintiff asks the Court to deny the motion on grounds of undue delay, unfair prejudice, bad faith and dilatory motive, and futility.  It argues that defendant unduly delayed in proposing the amendment because it waited nine months after the start of discovery to do so, and because defendant pleads facts that it was aware of in December 2023.  [Dkt. 48].  Plaintiff also argues that the amendment will cause unfair prejudice by requiring additional written and deposition discovery and unfair burdening on plaintiff's owner.  Plaintiff also suggests that the amendment is proposed in bad faith to strengthen defendant's bargaining position.  Finally, plaintiff argues that the amendment is legally futile.  These arguments are not persuasive.

With respect to undue delay, "the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. NCAA*,

10

252 F.3d 267, 273 (3d Cir. 2001) (internal citations omitted). Largely for the reasons set forth above, the Court concludes that defendant's request to amend is not the product of undue delay. Because defendant could not reasonably have confirmed the factual basis for its proposed amendments until May 2024, the motion is not untimely.

With respect to prejudice, the Third Circuit has directed courts to "consider[] whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. Defendant asserted similar legal theories in its amended answer by alleging that plaintiff did not have a valid trademark and had not used the mark in interstate commerce, so requiring plaintiff to defend against the proposed counterclaims will come as no great surprise. *See* [Dkt. 32]. Moreover, the parties are on the tail end of discovery; in that regard, defendant has represented that it does not seek to extend discovery beyond the current schedule and has represented that it will not seek additional discovery if the Court permits the amendment. Granting the motion here will not result in either protracted extensions to the discovery schedule, or undue time or expense in engaging in additional discovery. On balance, the Court concludes that permitting the amendment will result in little to no prejudice to plaintiff, and certainly no "unfair" prejudice.

With respect to bad faith or dilatory motive, the Court finds none. Plaintiff's argument that defendant seeks to assert the counterclaims solely to increase its bargaining position, [Dkt. 46], is entirely speculative.

11

Finally, this Court concludes that defendant's proposed amendment is not futile. Plaintiff argues that defendant's counterclaims will fail under governing legal authority and that the proposed counterclaims fail to plead with particularity required under Rule 9(b).

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Centennial Plaza Prop, LLC v. Trane U.S. Inc.*, Civ. No. 22-1262 (MEF), 2023 WL 7403640, at *2 (D.N.J. Nov. 9, 2023) (citation omitted). To determine whether an amendment would be "properly dismissed," the Court employs the same standard applied to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail on the claim but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Harrison Beverage Co.*, 133 F.R.D. at 468 ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue.").

Importantly, however, while Rule 15 futility tracks Rule 12(b)(6), it does not contemplate full-blown motion practice on the merits of the claims. As it has been described:

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co.*, 133 F.R.D. at 468 (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, § 1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face. . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013).

At oral argument, it became clear that the parties strongly dispute the merits of the proposed counterclaims—in particular, in the context of this motion, the legal definition and application of the statutory and constitutional requirement that a mark be used "in commerce," and whether the proposed counterclaims sufficiently plead fraud with particularity under Rule 9(b). The Court concludes here that defendant's proposed counterclaims are sufficient enough to permit amendment. The Court emphasizes, however, that in granting the motion to amend, it is not conducting a full-blown Rule 12(b)(6) analysis at this time, and that plaintiff will retain its ability to challenge the sufficiency and validity of the counterclaims at a later date. That is, the Court will apply the Rule 12(b)(6) standard if it is called to decide a motion to dismiss the counterclaim. *See Chubb INA Holdings, Inc. v.*

13

*Chang*, Civ. No. 16-2354 (BRM), 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016) (explaining that, where defendants' arguments in opposition to a motion to amend overlap significantly with arguments made in support of a motion to dismiss, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss"). Alternatively, of course, plaintiff may wish to defer its challenge to the validity of the counterclaims until summary judgment.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion to amend its answer to add three counterclaims is GRANTED. Defendant shall file its amended answer on or before December 3, 2024.

**IT IS SO ORDERED** this 26th day of November, 2024.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE